David J. McGlothlin (17389 UT)
david@kazlg.com
Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
KAZEROUNI LAW GROUP, APC
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Theron D. Morrison, Esq. (10331 UT)
theron@morlg.com
MORRISON LAW GROUP
290 25th Street, Suite #102
Ogden, Utah 84401
Telephone: (801) 392-9324
Facsimile: (801) 337-2087
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| KRISTOPHER CHADWICK, individually and on behalf of others similarly situated,<br><br>　　　　　Plaintiff,<br>vs.<br><br>BONNEVILLE BILLING AND COLLECTIONS, INC.,<br><br>　　　　　Defendant. | **Case No. 1:20-cv-00132-TS**<br><br>**Class Action Complaint for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. and the Utah Consumer Sales Practices Act, Utah Code § 13-11 et seq.**<br><br>Judge: Ted Stewart<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The Utah legislature has also enacted the Utah Consumer Sales Practices Act ("UCSPA"), which governs consumer transactions to "protect consumers from suppliers who commit deceptive and unconscionable sales practices," to promote "fair consumer sales practices." Utah Code Ann. § 13-11-2.

3. Kristopher Chadwick ("Plaintiff"), through Plaintiff's attorneys, brings this action seeking damages for Plaintiff and all others similarly situated against Bonneville Billing and Collections, Inc. ("Defendant") arising out of attempts by Defendant to unlawfully and abusively collect debts allegedly owed by Plaintiff and Class Members.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction because this case arises out of violation of federal law: the FDCPA, 15 U.S.C. §§ 1692 *et seq*.

8. Because Defendant does business within the State of Utah, personal jurisdiction is established.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District and is, therefore, deemed to "reside" within it.

10. At all times relevant, Defendant conducted business within the State of Utah.

## PARTIES

11. Plaintiff is a natural person who resides in City of Syracuse, County of Davis, State of Utah.

12. Defendant is a Utah business entity doing business in Utah and located in Ogden, Utah.

13. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

15. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing

from Plaintiff, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" and a "debt" as those terms are defined by 15 U.S.C. §1692a(5).

## FACTUAL ALLEGATIONS

17. Sometime before October 23, 2019, Plaintiff is alleged to have incurred certain financial obligations.

18. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19. Plaintiff's financial obligation also constitute a "consumer transaction" as defined by Utah Code Ann. § 13-11-3(2).

20. Sometime thereafter, but before October 23, 2019, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

21. Subsequently, but before October 23, 2019, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

22. On or about October 23, 2019, Defendant mailed a letter to Plaintiff. A few days later, Plaintiff received that letter.

23. Defendant sent this October 23, 2019 letter specifically in an attempt to collect on a debt from Plaintiff.

24. The October 23, 2019 letter stated:

> According to our records, the judgment entered against you remains unpaid. At this time, Bonneville Collections is allowing you to make the decision to either come into our office, or call to make arrangements on this judgement. Failure to do so may result in additional collection activity. Please respond with your intentions.

25. Defendant's letter gave Plaintiff two choices: "come into [their] office, or call to make arrangements on this judgment."

26. The least sophisticated consumer would have certainly believed they only had two choices in choosing a method to pay their debt. However, Plaintiff could have also mailed in a check or made a payment by another method and the collection activity would have had to cease pursuant to the FDCPA.

27. A debt collector may not use false, deceptive, or misleading representation or means in connection with the collection of any debt, pursuant to 15 U.S.C. § 1692e. The use of any false representation or deceptive means to collect or attempt to collect any debt from a consumer is a violation pursuant to 15 U.S.C. § 1692e(10).

28. By attempting to collect the debt from Plaintiff by only presenting two choices to cease collection activity with a threat of continued collection if payment was not made, Defendant sent a false, deceptive, and misleading representation in regard to the ways Plaintiff could end collection activity. Consequently, Defendant has violated 15 U.S.C. § 1692e(10).

29. A debt collector may not use fair or unconscionable means to collect or attempt to collect any debt, pursuant to 15 U.S.C. § 1692f.

30. Defendant's letter suggested that Plaintiff had only two payment choices. The use of this language by Defendant was unconscionable because the least sophisticated consumer would not have known there were alternative methods of payment. Consequently, Defendant violated 15 U.S.C. § 1692f.

31. Defendant's letter stated that failure to physically go to Defendant's office or call Defendant's office to make arrangements on the judgment would result in additional collection activity.

32. The least sophisticated consumer would have believed that if they did not physically go to Defendant's office or call to make arrangements on the judgment, then Defendant would was going to make additional collection attempts.

33. A debt collector may not make a threat to take any action that cannot legally be taken or that is not intended to be taken pursuant to 15 U.S.C. § 1692e(5).

34. Defendant's threat to take additional collection measures if Plaintiff did not utilized one of the two methods provided by Defendant in the letter constitutes an action that cannot be legally taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

35. A debt collector may not engage in any conduct which has the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt pursuant to 15 U.S.C. § 1692d.

36. By attempting to collect Plaintiff's debt in a false, misleading, and deceptive way, Defendant engaged in conduct which has the natural consequence of harassing, oppressing, and abusing Plaintiff in connection with the collection of Plaintiff's debt. Consequently, Defendant has violated 15 U.S.C. § 1692d.

37. Defendant's conduct violated UCSPA §§ 13-11-4 and 13-11-5 because it constituted deceptive and unconscionable practices and deceived consumers stating that there were only two ways to respond to collection efforts.

38. As a result of Defendant's conduct set forth above, Plaintiff suffered emotional damages in the form of mental anguish and emotional distress type damages, which manifested in symptoms including but not limited to frustration, anxiety, loss of sleep, embarrassment, and shame.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action on behalf of Plaintiff and on behalf of all others similarly situated ("the Class").

40. Plaintiff represents, and is a member of, the Class, consisting of:

    All persons with addresses within the United States to whom Defendant has sent a debt collection communication within one year before the filing of this Complaint which contains language substantially similar to the correspondence that Plaintiff received from Defendant.

41. Defendant and its employees or agents are excluded from the Class.

42. Plaintiff does not know the number of members in the Class but believes the Class members number in the hundreds or thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

43. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

44. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Classes. The questions of law and fact common to the Classes predominate over questions affecting only individual class members, and include, but are not limited to, the following:

    a. Whether Defendant's letter violated the FDCPA;
    b. Whether Defendant's letter violated the UCSPA;
    c. Whether members of the Class are entitled to the remedies under the FDCPA;

    d.    Whether members of the Class are entitled to the remedies under the UCSPA;

    e.    Whether members of the Class are entitled to declaratory relief pursuant to the FDCPA;

    f.    Whether members of the Class are entitled to declaratory relief pursuant to the UCSPA;

    g.    Whether members of the Class are entitled to injunctive relief pursuant to the FDCPA; and

    h.    Whether members of the Class are entitled to injunctive relief pursuant to the UCSPA.

45. As a person that received at least one written communication from Defendant in violation of the FDCPA and UCSPA, Plaintiff is asserting claims that are typical of the Class.

46. Plaintiff will fairly and adequately protect the interests of the Class.

47. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

48. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

49. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA is $1,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

50. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final declaratory relief with respect to the Classes as a whole.

51. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via Internet website.

52. Plaintiff requests certification of a hybrid class for monetary damages and injunctive relief.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692, ET SEQ.

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

55. As a result of each and every violation of the FDCPA, Plaintiff, and the putative Class members, are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UTAH CONSUMER SALES PRACTICES ACT
## Utah Code 13-11, Et Seq.

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The foregoing acts and omissions constitute numerous and multiple violations of the UCSPA, including but not limited to each and every one of

the above-cited provisions of the UCSPA, §§13-11-1 *et seq*.

58. Defendant knew or should have known that sending misleading and deceptive correspondence regarding payment methods was employing unfair, deceptive, and unconscionable practices with the intent to deceive Plaintiff and the putative class.

59. Defendant's actions, omissions, communications would have mislead the least sophisticated consumer or any person of average intelligence.

60. As a result of Defendant's violations of the UCSPA, Plaintiff suffered damages in an amount to be proven at trial for actual damages or $2,000.00 (whichever is higher), and attorney's fees and costs from Defendant pursuant to Utah Code Ann. § 13-11-19 and §78B-8-201.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant on behalf of each putative class member as follows:

- That this action be certified as a class action on behalf of the Classes as requested herein;
- That Plaintiff be appointed as representative of the Classes;
- That Plaintiff's counsel be appointed as counsel for the Classes;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for Plaintiff and each putative class member;
- An award of injunctive and declaratory relief pursuant to Utah Code 13-11-19;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and Utah Code 13-11-17.5, against Defendant;
- Interest, punitive damages, and any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

61. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted,

Dated:  October 9, 2020                    **KAZEROUNI LAW GROUP, APC**

By:   */s Ryan L. McBride*
Ryan L. McBride, Esq.
*Attorney for Plaintiff*