IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| KRISTOPHER CHADWICK, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BONNEVILLE BILLING AND COLLECTIONS, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br><br>Case No. 1:20-CV-132-TS<br><br>Judge Ted Stewart |

Kristopher Chadwick sues Bonneville Billing and Collections, Inc. ("Bonneville") in a putative class action for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* and the Utah Consumer Sales Practices Act ("UCSPA"), Utah Code §§ 13-11 *et seq.*.[1] Bonneville moves to dismiss Chadwick's complaint for failure to state a claim.[2] For the reasons below, the court will grant the motion.

I.  BACKGROUND

Sometime before October 23, 2019, Chadwick fell behind in payments owed on a consumer debt.[3] The debt was assigned to Bonneville for collections.[4] Bonneville mailed Chadwick a letter stating:

---

[1] Compl., Docket No. 2.

[2] Mot. to Dismiss, Docket No. 10.

[3] Compl. ¶¶ 17–20.

[4] *Id.* ¶ 21.

1

**Notice of Unpaid Judgment**

According to our records, the judgment entered against you remains unpaid.

At this time, Bonneville Collections is allowing you to make the decision to either come into our office, or call to make arrangements on this judgment. Failure to do so may result in additional collection activity.

Please respond with your intentions,

SUE THOMAS 801-395-8844

This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.

*Please write your account # [redacted] on all payments/correspondence.*[5]

Chadwick filed a complaint in this court claiming that Bonneville's letter was false, misleading, and deceptive in violation of the FDCPA and the UCSPA.

## II. DISCUSSION

Bonneville seeks dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). When evaluating a complaint under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and views the facts in the light most favorable to the non-moving party.[6] The complaint must provide "enough facts to state a claim to relief that is plausible on its face."[7] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[8] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

---

[5] Mot. to Dismiss Ex. 1, Docket No. 10-1 (emphasis in original). Although the complaint cites only an excerpt from the letter, the court properly considers the entire letter because it is referenced in the complaint, central to the complaint, and of undisputed authenticity. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[6] *GFF Corp.*, 130 F.3d at 1384.

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

sufficient to state a claim for which relief may be granted."[9] This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[10]

    A.  FDCPA, 15 U.S.C. §§ 1692 *et seq.*

Chadwick claims that Bonneville's letter violates § 1692e of the FDCPA,[11] which forbids debt collectors to "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." As relevant here, this includes

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
> [and]
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.[12]

Courts in this district evaluate FDCPA claims under the objective standard of the "least sophisticated consumer"—that is, from the perspective of a person with only rudimentary information and education.[13] Such a person is nevertheless rational and willing to read carefully; courts will not entertain bizarre or idiosyncratic interpretations of collection letters.[14]

        1.  § 1692e(5)

Section 1692e(5) protects consumers from false threats—that is, threats to take action "where the debt collector 'has reason to know there are facts that make the action unlikely [or

---

    [9] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

    [10] *Ashcroft*, 556 U.S. at 679 (internal citations and quotation marks omitted).

    [11] Resp. 5–12, Docket No. 13. The Complaint claims violations of §§ 1692d and f, but Chadwick has agreed to dismissal of those claims. *Id.* at 2.

    [12] 15 U.S.C. § 1692e.

    [13] *See, e.g.*, *Smith v. Johnson Mark LLC*, No. 1:20-CV-00032-RJS-DAO, 2021 WL 66297, at *3 (D. Utah Jan. 7, 2021) (using the "least sophisticated consumer" standard while acknowledging that the Tenth Circuit has not explicitly adopted it) (citing *Ferree v. Marianos*, 129 F.3d 130 (Table), 1997 WL 687693, at *1 (10th Cir. 1997) (unpublished); *Fouts v. Express Recovery Servs., Inc.*, 602 F. App'x 417, 421 (10th Cir. 2015) (unpublished)).

    [14] *Id.* at *3–4 (citing *Ferree*, 1997 WL 687693, at *1).

unlawful] in the particular case.'"[15] Chadwick argues that Bonneville made a false threat by stating that failure to respond as requested "may result in additional collection activity."[16] Chadwick reasons that there might be circumstances in which Bonneville could not lawfully continue collection measures even if a recipient did not respond as requested—for example, if a recipient instead paid the debt by mail or requested that Bonneville stop contacting him or her.[17]

Chadwick's interpretation of the letter is bizarre. No one, not even the least sophisticated consumer, could reasonably read this letter as threatening to continue collection measures after the recipient paid the debt or requested cessation of collection activities. The letter is silent about any such scenario. The only scenario before Bonneville was an unpaid debt and an unresponsive debtor, so further collection activities were both lawful and likely. Bonneville's failure to reassure the recipient that it would not commit an unlawful act if circumstances changed was not a threat, let alone a false one.[18] Chadwick fails to state a claim under §1692e(5).

2. § 1692e(10)

Section 1692e(10) forbids false representations or deceptive means to attempt to collect a debt. This is "often a question of fact that cannot be resolved on a motion to dismiss," but a complaint can and should be dismissed where it is apparent that "not even a significant fraction of

---

[15] *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006) (quoting 53 Fed. Reg. 50097, 50106 (1988)); *see also Heredia v. Capital Mgmt. Servs., L.P.*, 942 F.3d 811 (7th Cir. 2019) (reasoning that threats of tax consequences violated § 1692e(5) where the debt amount fell below the threshold at which tax consequences applied); *Schultz v. Midland Credit Mgmt., Inc.*, 905 F.3d 159 (3d Cir. 2018) (same); *Brown*, 464 F.3d at 454–56 (finding debt collector's threat of legal action to be false where defendant normally did not take legal action and had no intention of doing so against plaintiff).

[16] Compl. ¶ 32.

[17] Resp. at 5–8.

[18] *Koehn v. Delta Outsource Grp., Inc.*, 939 F.3d 863, 865 (7th Cir. 2019) ("Dunning letters can comply with the [FDCPA] without answering all possible questions about the future.")

the population would be misled."[19] Chadwick argues that Bonneville presented only two ways to end collections activities—visit the office or call—when there were other ways the recipient could do so.[20] Chadwick explains that the recipient could mail a check, pay by another method, or request that collection activities cease.[21]

Chadwick stretches the letter's meaning beyond reason. The letter does not purport to provide an exhaustive list of all steps the recipient might take regarding the debt. The letter itself suggests two other possibilities when it instructs the recipient to write the account number on payments or correspondence. The statement about continuing collections activities if the recipient fails to come to the office or call obviously means only that Bonneville intends to continue collection efforts until the recipient pays.[22] Certainly a recipient might have unanswered questions about his or her options upon receipt of the letter—"Are there other methods to pay the debt or stop collections activities?"—but this does not render the letter false or deceptive.[23]

The cases Chadwick cites in support of his claim are inapposite because they concern 15 U.S.C. § 1692g(a).[24] Importing that standard into the § 1692e(10) analysis would impose burdens

---

[19] *Id.* at 865 (internal citation and quotation marks omitted).

[20] Compl. ¶ 28.

[21] *Id.* ¶ 26.

[22] *Cf. Szczurek v. Prof'l Mgmt. Inc*, 627 F. App'x 57, 61–62 (3d Cir. 2015) (unpublished) (holding that request to pay debt to avoid further contact from debt collector did not imply that there were no other means to cease collection activities); *Moyer v. Patenaude & Felix, A.P.C.*, 458 F. Supp. 3d 265, 273 (E.D. Pa. 2020) (same); *Kane v. Prof'l Med. Mgmt., Inc.*, No. 14-5063 (RMB/AMD), 2016 WL 5012320, at *4 (D.N.J. Sept. 16, 2016) (unpublished) (same).

[23] *Koehn*, 939 F.3d at 865 ("A lawyer's ability to identify a question that a dunning letter does not expressly answer . . . does not show the letter is misleading, even if a speculative guess to answer the question might be wrong.").

[24] Resp. at 7–8 (citing *Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078 (9th Cir. 2005); *Hargis v. Equinox Collection Servs.*, No. 17-cv-410-JED-FHM, 2019 WL 2341662 (N.D. Okla. June 3, 2019); *Welker v. Law Office of Daniel J. Horwitz*, 699 F. Supp. 2d 1164, 1170 (S.D. Cal. 2010)).

on debt collectors far beyond those Congress intended. The court will not do so. Chadwick fails to state a claim under § 1692e(10).

B.  UCSPA, Utah Code §§ 13-11 et seq.

The UCSPA prohibits deceptive[25] or unconscionable[26] acts or practices in connection with consumer transactions. The Act is construed liberally to protect consumers.[27] Chadwick claims that Bonneville's letter was deceptive and unconscionable because it stated that there were only two ways to respond to collection efforts.[28]

As discussed above, Bonneville's letter did not say there were only two ways to respond to collection efforts and was therefore not deceptive on that basis. It also fell far short of being unconscionable.[29] Unconscionability generally requires some "extreme unfairness."[30] Even if, as Chadwick claims, the letter left some recipients unsure of how to respond,[31] there is nothing

---

[25] Utah Code Ann. § 13-11-4(1); see also Christensen v. Johnson Smith & Assocs., No. 2:19-CV-00676-BSJ, 2021 WL 66550, at *4–5 (D. Utah Jan. 7, 2021) (finding deception under UCSPA where defendant falsely represented that it had a legal right to collect a debt, falsely represented it was a law firm acting with legal authority, threatened to bring criminal charges, used a fictitious business name, and failed to include the information required by the FDCPA in communications); Reid v. LVNV Funding, LLC, No. 2:14CV471DAK, 2016 WL 247571, at *6 (D. Utah Jan. 20, 2016) (denying summary judgment on UCSPA claim where evidence showed defendant garnished plaintiff's wages when there was conflicting information about whether she was the right person, withheld the conflicting information from state court in their application for a writ of garnishment, and misled plaintiff's employer).

[26]  Utah Code Ann. § 13-11-5(1); see also Wade v. Jobe, 818 P.2d 1006, 1016–17 (Utah 1991) (discussing unconscionability under UCSPA); Christensen, 2021 WL 66550, at *5 (holding that threats of legal action and criminal charges were unconscionable under UCSPA).

[27] Utah Code Ann. § 13-11-2.

[28] Compl. ¶ 37.

[29] See Res. Mgmt. Co. v. Weston Ranch & Livestock Co., Inc., 706 P.2d 1028, 1041 (Utah 1985) ("Whatever the particular formulation, the standard for determining unconscionability is high.").

[30] Morrison v. Clear Mgmt. Sols., No. 1:17-CV-51, 2019 WL 122905, at *10 (D. Utah Jan. 7, 2019) (internal quotations and citation omitted), motion to certify appeal denied, No. 1:17-CV-51, 2019 WL 8137576 (D. Utah Feb. 15, 2019).

[31] Resp. at 14.

grossly unfair about this. Chadwick "has simply repackaged the . . . allegedly deceptive conduct and called it unconscionable."[32] The UCSPA claims will be dismissed.

C. Dismissal without Prejudice

"A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."[33] The Complaint fails to state a claim on behalf of Chadwick, and therefore also on behalf of any class, so dismissal is appropriate. However, the court cannot say that amendment would be futile and will accordingly dismiss without prejudice.

Chadwick's response memorandum requests leave to amend should the court grant the motion to dismiss.[34] However, under the local rules, a party must request leave to amend in a separate motion,[35] so the court declines to address Chadwick's request at this time.

III. CONCLUSION

It is therefore

ORDERED that Bonneville's Motion to Dismiss (Docket No. 10) is GRANTED and the Complaint is dismissed without prejudice.

DATED March 25, 2021.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[32] *Morrison*, 2019 WL 122905, at *10.

[33] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

[34] Resp. at 16–17.

[35] DUCivR 7-1(b)(1)(A).